**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KEVIN W. PAGE | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-2745-SMY |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Petitioner Kevin W. Page filed a habeas petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (Doc. 1).  Now pending before the Court is the Government's Motion to Dismiss (Doc. 11), which Page opposes (Doc. 12).  For the following reasons, the Government's motion is **GRANTED**.

### Factual and Procedural Background

Page pleaded guilty to conspiracy to distribute methamphetamine and was sentenced on January 28, 2020, to 180 months' imprisonment and 8 years of supervised release.  *United States v. Page*, Case No. 18-40050-SMY, Docs. 75, 79.  Judgment was entered on January 29, 2020. Page did not timely file an appeal, and his judgment became final on February 12, 2020.  Fed. R. App. P. 4(b)(1)(A).  He filed a Notice of Appeal on August 30, 2021 (Doc. 83), which the Seventh Circuit dismissed as untimely on October 5, 2021 (Doc. 91).

Page filed this action under 28 U.S.C. § 2255 on October 28, 2022, seeking collateral review of his sentence and asserting ineffective assistance of counsel.  The Government moves to dismiss Page's Petition is untimely.

**Discussion**

Section 2255(f) imposes a 1-year period of limitations for the filing of a motion attacking a sentence imposed under federal law. This period generally begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, the Court entered judgment on February 12, 2020, and Page did not appeal his conviction. The Judgment became final 14 days after it was entered, and the deadline to file a notice of appeal expired. 28 U.S.C. § 2255(f)(1); Fed.R.App.P. 4(b)(1)(A).

Page argues that the one-year statute of limitations did not begin to run until after the Seventh Circuit denied his untimely appeal. While the Seventh Circuit has not considered the effect of an untimely notice of appeal on the one-year statute of limitations to file a § 2255 motion, Page's argument has been rejected by other circuits.

In *Gillis v. United States*, 729 F.3d 641 (6th Cir. 2013), the Sixth Circuit rejected a defendant's argument that an untimely notice of appeal tolled the statute of limitations to file a § 2255 motion, finding that "[a] conviction becomes final when the time for direct appeal expires and no appeal has been filed, not when an untimely appeal is dismissed." *Id.* at 644. As that court noted, "there would not be much left to the statute of limitations" if the filing of an untimely notice of appeal would be deemed sufficient to extend the one-year limitations period to file a § 2255 motion. *Id.; see also United States v. Terrones-Lopez*, 447 Fed. Appx. 882, 885 (10th Cir. 2011) (unpub); *United States v. Boyer*, No. 18-cr-0073-CVE, 2021 WL 2763172, at *2 (N.D. Okla. July 1, 2021) (collecting cases). This Court finds the Sixth Circuit's reasoning persuasive; Page's untimely notice of appeal did not toll the statute of limitations for filing his § 2255 motion.

That said, the § 2255 limitation period is procedural and may be equitably tolled if a petitioner establishes that "(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999). "Equitable tolling is an extraordinary remedy" and "is rarely granted." *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013).

Page contends that the limitations period should be tolled because he was locked in his cell 23-hours per day for over two years due to the COVID-19 pandemic. He claims that during that time, he did not have access to the law library or legal research materials. However, the Court notes that during the same period, Page was able to file several motions in his criminal case, including a motion for compassionate release and an untimely appeal of his criminal conviction. In any event, a petitioner's limited resources (including access to the prison library) is not an adequate basis for invoking equitable tolling. *Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008) (collecting cases); *see also, Jones v. Hulick,* 449 F.3d 784, 789 (7th Cir. 2006); *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008).

Page has not shown that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition. Accordingly, the Government's motion is **GRANTED** and Page's Petition is **DISMISSED with prejudice**. Judgment shall enter accordingly.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first obtain a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). This requires a finding that "reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Page has not demonstrated that reasonable jurists would disagree as to the Court's timeliness determination.  Therefore, this Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**DATED:  August 20, 2024**

**STACI M. YANDLE**
**United States District Judge**